UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-80142-CIV-MARRA/MATTHEWMAN

JULIO MONTES, VICTOR RODRIGUEZ,
and JOSE BRENES, on behalf of themselves
and all others similarly situated,

    Plaintiffs,
v.

M & M MANAGEMENT COMPANY d/b/a
WORLD THRIFT and/or RED WHITE & BLUE
THRIFT STORE, DIANA ALONSO, individually,
MARIBEL CALDERON, individually, and
ITALO CALDERON, individually

    Defendants.
_____/

## ORDER AND OPINION GRANTING MOTION TO DISMISS COUNT III

**THIS CAUSE** is before the Court upon Defendants' Motion to Dismiss Count III of the Amended Complaint [DE 27]. The motion is fully briefed and ripe for review. The Court has carefully considered the relevant filings, the entire Court file, and is otherwise fully advised in the premises.

## Introduction

The six-count Amended Complaint is brought by Julio Montes, Victor Rodriguez and Jose Brenes "on behalf of themselves and all others similarly situated" against a corporation and three individuals for alleged minimum wage and overtime violations and individual claims for alleged worker's compensation retaliation pursuant to Fla. Stat. § 440.250 [DE 25]. Defendant M&M Management Company d/b/a

World Thrift ("M&M") owns and operates thrift stores in Florida and across the country.  Am. Compl. ¶ 3.  All three Plaintiffs worked as truck drivers at the same thrift store located in Lake Worth, Florida.  Am. Compl. ¶¶ 18, 20.  On their wage and hour claims, Plaintiffs primarily allege that they worked off the clock based on (1) Defendants' false reporting of the Plaintiffs' clock out time; and (2) Defendants' policy to enforce a mandatory meal break through which thirty minutes automatically was deducted from Plaintiffs' work time.  Am. Compl. ¶¶ 22-34.  Defendants deny all allegations.

**Standard of Review**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted).  "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

**Discussion**

Count III of the Amended Complaint is brought pursuant to Article X, § 24 of the Florida Constitution.  DE 12-1, ¶ 101.  Defendants seek to dismiss Count III for failing to state a claim upon which relief can be granted. Defendants argue that Plaintiffs were required to comply with the notice requirement imposed by Florida Statutes, Section 448.110, but failed to do so.  Plaintiffs respond that they did not plead satisfaction of the presuit notice requirement because the Florida Constitutional Amendment does not require presuit notice be served.  Plaintiffs state they "previously responded to this argument *ad nauseam*[1] explaining that the express language of the Florida Constitution does not require the Plaintiffs serve 15-day statutory presuit notices because, among other things, the Florida Constitutional Amendment is self-executing and the Florida Minimum Wage Act is not the exclusive

---

[1] Presumably in their previous Motion to Dismiss and in opposition to the Motion to Amend/Correct Complaint.

remedy to enforce the constitutional provision." Response, DE 28 at 4.

On May 12, 2015, Plaintiffs served Defendants for the first time with a presuit notice. Defendants' counsel states Plaintiffs' counsel has informally indicated the intent to seek leave to amend the complaint again to assert a separate Florida Minimum Wage Act ("FMWA") claim once the notice period expires.

Article X, § 24 of the Florida Constitution states: "Employers shall pay Employees Wages no less than the Minimum Wage for all hours worked in Florida.... Persons aggrieved by a violation of this amendment may bring a civil action in a court of competent jurisdiction against an Employer or person violating this amendment." Fla. Const. art. X, § 24. Subsection (f) of § 24 provides that implementing legislation is not required to enforce the constitutional provision but that the "state legislature may by statute ... adopt any measures appropriate for the implementation of this amendment." *Id.*, § 24(f). Accordingly, on December 12, 2005, the Florida legislature passed the Florida Minimum Wage Act, Fla. Stat. § 448.110, to "provide measures appropriate for the implementation of § 24, Art. X of the State Constitution." Fla. Stat. § 448.110(2). In doing so, the Florida legislature established the exclusive remedial vehicle for Florida minimum wage claims pursuant to the FMWA. Fla. Stat. § 448.110(10) ("This section shall constitute the exclusive remedy under state law for violations of § 24, Art. X of the State Constitution").

The FMWA provides that prior to filing a claim in court for unpaid wages, the aggrieved party must: (i) "notify the employer alleged to have violated this section,

in writing, of an intent to initiate such an action;" and (ii) the written notice must "identify the minimum wage to which the person aggrieved claims entitlement, the actual or estimated work dates and hours for which payment is sought, and the total amount of alleged unpaid wages through the date of the notice."  Fla. Stat. § 448.110(6)(a).  The employer then has 15 days after receipt of the notice to pay the owed wages, or otherwise resolve the issue to the claimant's satisfaction.  Fla. Stat. § 448.110(6)(b).  Failure to do so in the allotted time entitles a plaintiff to bring their claim to court.  *Id*.

Florida courts are split on the issue of whether plaintiffs who have filed suit under Article X, § 24 must nonetheless comply with the FMWA's notice requirement.  Plaintiffs urge this Court to follow *Bates v. Smuggler's Enterprises, Inc.*, No. 10-136, 2010 WL 3293347 (M.D. Fla. Aug.19, 2010) ("*Bates*"), which concluded that the Plaintiff could bring a claim solely under the Florida Constitution without complying with the presuit notice requirements under Fla. Stat. § 448.101.  *Bates*, 2010 WL 3293347, at *4.  *Bates* has its critics

The Middle District of Florida in *Garcia-Celestino v. Ruiz Harvesting, Inc.*, No. 10–cv–542, 2013 WL 3816730 (M.D. Fla. July 22, 2013), declined to follow *Bates* because "construing the FMWA and the Amendment, as the *Bates* court did, to provide separate causes of action," one with a notice requirement and one without, "ignores the purpose of the FMWA as an implementing legislation to the Amendment."  *Garcia-Celestino*, 2013 WL 3816730, at *17 (at *16 "[i]n effect, the

legislature has regulated the method of the Amendment's enforcement as it is expressly authorized to do by the constitutional provision."). The following year, the Middle District of Florida followed its *Garcia-Celestino* decision in *Nichols v. Lab. Corp. of Am.*, No. 2:13-CV-848-FTM-38, 2014 WL 820656, at *4 (M.D. Fla. Mar. 3, 2014) stating, "any person alleging a violation of Fla. Const. art. X, § 24, must do so through the lens of the FMWA because the Florida Constitution does not create an independent constitutional right to bring suit to recover unpaid minimum wages." *Id.*, *see also, Alonso v. Ocean CC, LLC,* No. 14-23869-CIV, 2015 WL 1549009, at *3 (S.D. Fla. Apr. 7, 2015); *Villafana v. Feeding South Florida, Inc.*, No. 13-60760-CIV, 2013 WL 2646729, at *5 (S.D. Fla. June 12, 2013); *Gomez v. Kern,* No. 12-20622-CIV, 2012 WL 1069186, at *2 (S.D. Fla. Mar. 29, 2012).

     The undersigned also addressed this issue in *Resnick v. Oppenheimer & Co., Inc.*, No. 07-80609-CIV, 2008 WL 113665, at *1-3 (S.D. Fla. Jan.8, 2008) and sees no reason to retreat from the holding therein. There this Court held that because the Amendment granted the Florida Legislature the ability to enact implementing legislation, and because the FMWA does not prevent an individual from enforcing his rights under the Florida Constitution, the FMWA's notice requirement is binding and enforceable on plaintiffs alleging violation of the constitutional amendment. "Allowing a cause of action to proceed under the Amendment without meeting the notice requirement renders Section 448.110(10) and the FMWA meaningless." *Garcia-Celestino,* 2013 WL 3816730, at *17. Thus, in this Court's view, any claim

brought pursuant to Fla. Const. art. X, § 24 must comply with the presuit notice requirements of Fla. Stat. § 448.110(6).

Here, Count III of Plaintiffs' Amended Complaint alleges a violation of Fla. Const. art. X, § 24.  Before bringing this claim, Plaintiffs must have complied with the presuit notice requirements established in the FMWA.   Consequently, because Plaintiffs have not alleged compliance with the FMWA's presuit notice requirement in their Amended Complaint, Plaintiff's minimum wage claim under Fla. Const. art. X, § 24 (Count III) is dismissed.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Count III of the Amended Complaint [DE 27] is granted.  In light of Plaintiffs' having served presuit notice on May 12, 2015, Defendants recommend, and Plaintiffs agree that, rather than require further motion practice, the Court allow Plaintiffs leave to file a Second Amended Complaint so that Count III can be converted to a FMWA claim pursuant to Fla. Stat. § 448.110.  This newly amended count will have an accrual date of May 12, 2015 for statute of limitations purposes.  Plaintiffs shall file a Second Amended Complaint within ten days of the date of this Order modifying Count III in accordance with the rulings made herein.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 6th day of July, 2015.

                                                  KENNETH A. MARRA
                                                  United States District Judge